UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORWARD, INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>MACOMBER ET AL.,<br><br>            Defendants. | No.  2:24-cv-00655-JAM-DB<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS** |

I.   FACTUAL AND PROCEDURAL BACKGROUND

On February 29, 2024, Plaintiff Forward, Inc. filed this action alleging federal question jurisdiction.  Compl., ECF No. 1.  The material allegations in the Complaint are as follows:

1. State facilities located in Stockton, California are contaminating groundwater through improper handling, storage, and disposal of solid and hazardous waste. Compl. ¶¶ 1, 3.
2. The state facilities' prior and ongoing activities responsible for the contamination include "operation of a dry cleaning and laundry facility, the use of halogenated solvents in facility maintenance, and a

1

        chlorinated well-water treatment system that supplied drinking water to facility residents and staff." Id. ¶ 27.

3. Defendants Jeff Macomber, Secretary of the California Department of Corrections, and Ana M. Lasso, Director of the California Department of General Services, are state officials that have "control over the generation, handling, storage, and disposal of solid waste . . . at the State Facilities." Id. ¶ 14.

4. The contamination is in violation of several federal and state laws. Id. ¶ 41.

Plaintiff's Complaint contains two causes of action against Defendants in their official capacities: (1) a claim arising under the United States' Resource Conservation and Recovery Act ("RCRA"); and (2) a claim for declaratory relief. Id. at 9-12.

Defendants now move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and Rule 12(b)(6).[1] Renewed Motion to Dismiss (Renewed Mot.), ECF No. 12; Motion to Dismiss (Mot.), ECF No. 6. Plaintiff filed an opposition. Opp'n, ECF No. 14. Defendants filed a reply. Reply, ECF No. 15.

//
//
//

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 9, 2024.

II.   OPINION

A. Legal Standard

1. Rule 12(b)(1)

A motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(1) challenges a federal court's subject matter jurisdiction over a case or controversy. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) jurisdictional challenge may be facial or factual. Safe Air For Everyone v. Meyer (Safe Air), 373 F.3d 1035, 1039 (9th Cir. 2004). Under a facial attack, the court accepts a plaintiff's facts in their complaint as true and determines whether the complaint is sufficient on its face to invoke federal jurisdiction. Id. A factual attack disputes the truth of the allegations in the complaint that would invoke federal jurisdiction. Id.

Here, Defendants' Rule 12(b)(1) Motion challenges the facial validity of the Complaint. Mot. at 9-10. Therefore, the Court accepts all facts in Plaintiff's Complaint as true for purposes of this Motion. Safe Air, 373 F.3d at 1039.

2. "Ex parte Young" Doctrine

The Eleventh Amendment bars suit in federal court against a state by its own citizens. U.S. Const. amend. XI; Nat. Res. Def. Council v. Cal. DOT (NRDC), 96 F.3d 420, 421 (9th Cir. 1996). Such immunity extends to state officials acting on behalf of the state. NRDC, 96 F.3d at 421. This immunity, however, does not extend to actions by state officials that are in violation of federal constitutional or statutory law. Ex parte Young, 209 U.S. 123, 159-60 (1908); NRDC, 96 F.3d at 421. This exception, also known as the Ex parte Young doctrine ("Doctrine"), is

necessary to "vindicate federal rights and hold state officials responsible to 'the supreme authority of the United States.'" Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 105, 104 (1984) (quoting Ex parte Young, 209 U.S. at 160).

Under the Doctrine, a plaintiff may bring suit against a state official if (1) there is an ongoing violation of federal law and (2) plaintiff seeks prospective, rather than retrospective, relief. Verizon Md. Inc. v. PSC, 535 U.S. 635, 645 (2002); Ex parte Young, 209 U.S. at 159-60; NRDC, 96 F.3d at 421. Further, the state official must be acting in more than just a general supervisory capacity. Ex parte Young, 209 U.S. at 157; Stewards of the Mokelumne River v. Cal. DOT, No. 2:20-cv-01542-TLN-AC, 2021 U.S. Dist. LEXIS 132333, at *12-13 (E.D. Cal. July 14, 2021). The state official must have a significant connection with the enforcement of the challenged action. Ex parte Young, 209 U.S. at 157; Stewards of the Mokelumne River, 2021 U.S. Dist. LEXIS 132333, at *12-13 ("[W]ith respect to the duty to enforce, the Ninth Circuit indicates the public official must have a 'special' and 'fairly direct' connection with the enforcement of the challenged statute."). Absent this close nexus, suit would merely be an indirect means of suing a state subject to sovereign immunity and the official would merely be acting as a representative of that state. Ex parte Young, 209 U.S. at 157; Nat'l Audubon Soc'y v. Davis, 307 F.3d 835, 847 (9th Cir. 2002).

B. Analysis

Defendants argue Plaintiff's Complaint fails to allege any specific acts Defendants have taken in violation of RCRA that

directly connects them to the groundwater contamination. Mot. at 12. Defendants contend the Complaint only alleges facts demonstrating a general supervisory power over the State Facilities. Id. Plaintiff disagrees, arguing its RCRA cause of action is not barred by the Eleventh Amendment because Defendants have been actively involved in "a number of activities at the State Facilities that are causing contamination and that these activities are ongoing." Opp'n at 7, 9. The Court agrees with Defendants. Safe Air, 373 F.3d at 1039.

Plaintiff alleges Defendants have "control over the generation, handling, storage, and disposal of solid waste . . . at the State Facilities." Compl. ¶ 14. Yet, Defendant Macomber is an official for California's penal law enforcement agency and Defendant Lasso is an official for California's general services agency. Id. The facts as alleged fail to demonstrate how these Defendants, with general oversite of certain California agencies that are not tasked with handling solid or hazardous waste, have any sort of responsibility or connection to waste management at the Stockton State Facilities. The Complaint contains no specific factual allegations that Defendants (1) have a special and fairly direct connection with enforcing RCRA; (2) are members of the municipalities or agencies responsible for planning or administrating solid waste management; or (3) took any affirmative action in disposing hazardous waste at the State Facilities at issue. 42 U.S.C. § 6903 (RCRA tasks municipalities, intermunicipal agencies, and interstate agencies with planning and administrating solid waste management.); Confederated Tribes & Bands of the Yakama Nation v. Locke

5

1  (Confederated Tribes), 176 F.3d 467, 470 (9th Cir. 1999);
2  Stewards of the Mokelumne River, 2021 U.S. Dist. LEXIS 132333, at
3  *13.  The Complaint fails to establish Defendants' requisite
4  connection to the alleged violating acts.  Stewards of the
5  Mokelumne River, 2021 U.S. Dist. LEXIS at *13.  Rather, Plaintiff
6  makes Defendants mere representatives of California and therefore
7  fails to overcome their Eleventh Amendment immunity.
8  Confederated Tribes, 176 F.3d at 470. Plaintiff's RCRA claim is
9  DISMISSED in its entirety WITHOUT PREJUDICE.
10     C. Rule 12(b)(6)
11     Given the Court's lack of jurisdiction under Eleventh
12 Amendment sovereign immunity, the Court need not address
13 Defendants' Motion pursuant to Rule 12(b)(6) at this time.
14     D. Declaratory Relief Cause of Action
15     Declaratory relief is a remedy, not an independent cause of
16 action.  City of Reno v. Netflix, Inc., 52 F.4th 874, 878 (9th
17 Cir. 2022).  To invoke declaratory relief, facts alleged must
18 show a "substantial controversy, between parties having adverse
19 legal interests, of sufficient immediacy and reality to warrant
20 the issuance of a declaratory judgment."  Md. Cas. Co. v. Pac.
21 Coal & Oil Co., 312 U.S. 270, 273 (1941).
22     Here, although improperly pled, Plaintiff's request for
23 declaratory relief is DENIED WITHOUT PREJUDICE because the
24 underlying RCRA claim fails.  Hinds Invs., L.P. v. Team Enters.,
25 No. CV F 07-0703 LJO GSA, 2010 U.S. Dist. LEXIS 141410, at *44
26 (E.D. Cal. Mar. 4, 2010).
27 ///
28 ///

III.   ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss and Plaintiff's Complaint is dismissed WITHOUT PREJUDICE in its entirety.

IT IS SO ORDERED.

Dated: July 30, 2024

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

7